BANKS, Justice,
concurring in part and dissenting in part:
¶ 57. I agree with the majority for the most part. I write separately to express my view concerning the Commission’s mis *974 apprehension of one of our criminal disposition statutes and to note my disagreement with the imposition of a fíne in this case.

I.

¶ 58. The majority notes the Commission’s position with regard to Judge Byers’s handling of the probationer, Williams. The majority disagrees with the Commission as to the import of this transaction and with that I agree. I feel compelled to note further, however, that I disagree with the Commission’s premise that there has been a violation of the terms of Miss.Code Ann. § 47-7-47 (Supp. 1999). That section comes into play here, presumably, only in that it is the statute which provides explicitly for restitution as a condition of probation. Here, Williams, who was already on probation was ordered to make restitution through attendance at a restitution center as added condition of continued probation. The Commission seems to suggest that such restitution may be ordered only at the time of original sentencing. To the extent that the majority accepts that reasoning, I disagree.
¶ 59. Briefly, there are two points. First, extension of probation is among the options given a trial judge when faced with one who has violated probation. Second, Miss.Code Ann. § 47-7-47(4) (Supp.1999), providing the restitution condition, is not limited to probation imposed following incarceration under the terms of § 47-7-47(2). Indeed, that subsection explicitly refers to both “probation” and the “earned probation” provided for in § 47-7-47(1) and (2).
¶ 60. Obviously, a probation violation cannot be addressed at the time of original sentencing. We have previously noted that this inartfully drawn statute, accommodating, among other things, “shock probation”, cannot be applied literally. Smith v. State, 580 So.2d 1221 (Miss.1991). In practice, the only thing necessary at the time of original sentence is a reference to § 47-7-47. Id. That reference allows the trial court, within the time limits prescribed, to order a defendant’s release from the penitentiary and placement on “earned” probation. That probation then operates like any other probation, governed by the provisions of § 47-7-37 allowing probation to be extended and the provision in § 47-7-35 allowing the terms and conditions to be modified.
¶ 61. A sentence to a restitution center is technically, not a sentence to incarceration but rather a sentencing imposing a condition of probation that the defendant remain at a restitution center for a prescribed period. There is nothing in our statutory scheme that prohibits the imposition of additional lawful conditions of probation, including that the probationer, remain in a restitution center for a prescribed period, as an alternative to revocation where there has been a probation violation. Indeed, the trial court is given the explicit power to “alter or modify conditions of probation.” Miss.Code Ann. § 47-7-35 (Supp.1999).
¶ 62. Thus unlike the situation in Mississippi Comm’n on Judicial Performance v. Russell, 691 So.2d 929 (Miss.1997), this is not a case of a judge exercising power beyond her authority. Williams was on probation and was charged with a violation. Judge Byers had the power to alter or modify the conditions of probation, including adding the restitution center provision as authorized by § 47-7-47(4).
¶ 63. Where Judge Byers did err is in extending the period of probation beyond the period of five years. It is, of course, within the sound discretion of the circuit court whether to revoke probation for a violation. We have yet to decide whether a criminal defendant may waive his right not to be placed on probation for an extended period beyond five years where the alternative is incarceration. We have held that no sentence is legal if it is beyond the power of the court. Accepting without deciding that we would rule similarly with regard to probation even where there has *975 been a violation of the original probation, I find the error in imposing probation beyond the five-year period, simply an error. It is not sufficient in my mind to warrant any sanction.

II.

¶ 64. While there is much room for disagreement concerning the merits of the contempt action, the fact that this Court has decided the matter notwithstanding,[2] it is clear that there were procedural transgressions in Judge Byers’s handling of the matter. Whether those procedural transgressions were willful or not, they represent a drastic departure from our approved procedure for the imposition of a sanction for contempt. As we have noted in Sanders, we have faced the wrongful imposition of the sanction of contempt on a number of occasions. Mississippi Comm’n on Judicial Performance v. Sanders, 749 So.2d 1062 (Miss.1999). Not all such occasions have resulted in proceedings to sanction the erring judicial officer. Nevertheless, we have made it clear that misuse of the contempt power is conduct for which we will impose a sanction.

III.

¶ 65. I agree with the majority that Judge Byers should not be removed. Judge Byers has already been removed by the people of her electoral district. She offered for reelection and was defeated. This is the norm for officials subject to election. Removal from office of those duly elected by the intervention of this Court should not be the norm. It is a sanction which should be reserved for only the most egregious circumstances.
¶ 66. Judge Byers has been subjected to a private reprimand for the misuse of the contempt power on a prior occasion. Her failure to accord the procedural safeguards attendant to contempt proceedings in the instant circumstances, as required by due process of law, should result in heightened but not a drastic sanction. A public reprimand is all that is warranted.

TV.

¶ 67. For the foregoing reasons, I would end this matter by the imposition of a public reprimand for Judge Byers’s failure to be familiar with and accord the due process attendant to contempt proceedings. While I acquiesce in the taxing of costs based upon our consistent precedents in these matters, I would not impose a fine in this case.
SMITH, J., JOINS THIS OPINION. McRAE, J., JOINS IN PART.

. We are among the minority of states that have held that a person may, in certain instances, willfully violate a court's order based upon its supposed unconstitutionality. Jeffries v. State, 724 So.2d 897 (Miss.1998). The majority of states, as well as the U.S. Supreme Court, have held that a person can not violate a court order without first having it adjudicated as unconstitutional. See, e.g., Walker v. City of Birmingham, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967); United States v. Dickinson, 465 F.2d 496 (5th Cir.1972); People v. Sequoia Books, Inc., 172 Ill.App.3d 627, 122 Ill.Dec. 678, 527 N.E.2d 50, 53, 55 (1988).